IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT WILBERT WILCOX, III                                              PLAINTIFF

v.                              Civil No. 13-2111

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Robert Wilcox, III, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

The Plaintiff filed his application for DIB on August 20, 2010, alleging an onset date of December 31, 2008, due to a back injury, leg problems, a leaking aortic heart valve, depression, and high blood pressure. Tr. 118-121, 146, 174-175. His claims were denied both initially and upon reconsideration. An administrative hearing was then held on September 27, 2012. Tr. 35-72. Plaintiff was both present and represented at that hearing.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 49 years old and possessed a high school education. Tr. 19, 38-42. He had past relevant work ("PRW") experience as a cook and metal fabricator. Tr. 19, 147, 166-173.

On December 2, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's mild degenerative disk disease with lower back pain did not meet or equal any Appendix 1 listing. Tr. 12-13. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform a full range of light work. Tr. 13. Utilizing the Medical-Vocational Guidelines, the ALJ concluded that Plaintiff was not disabled. Tr. 19.

The Appeals Council denied Plaintiff's request for review on March 22, 2013. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 12, 13.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

**II.**     **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial

2

evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

**A.     The Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

In this case, we find that the ALJ improperly used the Grids to determine that Plaintiff was not disabled. Generally speaking, if the claimant suffers from nonexertional impairments that limit his or her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. *Groeper v. Sullivan,* 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991). The ALJ may, however, rely on the guidelines even though there are nonexertional impairments if he finds, and the record supports the finding, that Plaintiff's nonexertional impairments do not significantly diminish the plaintiff's RFC to perform a full range of activities listed in the guidelines. *See Baker v. Barnhart*, 457 F.3d 882, 894-95 (8th Cir. 2006) (Guidelines are properly used where ALJ explicitly discredits claimant's subjective complaints of pain for legally sufficient reasons) *See Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir.1993).

In the present case, the record reveals that Plaintiff suffered from chronic low back pain with bilateral lower extremity radiculitis, high grade annular tears at L2-L3, L3-L4, L4-L5 and L5-S1 levels, and broad-based disc protrusion at L4-L5 in the right foraminal position with abutment of the right L4 nerve root. Tr. 305. Plaintiff sought out consistent treatment for his chronic pain and was very compliant with the treatment prescribed by his doctors. He underwent physical therapy, epidural steroid injections, and a rhizotomy to no avail. And, at least two

4

surgeons opined that Plaintiff was not a candidate for surgery, instead referring him to pain management where he was prescribed a variety of narcotic pain medications and muscle relaxers. While there were times when the medications did appear to be effective in treating his pain, his doctors explained that they frequently switched the pain medications around in an effort to counter bothersome side effects and prevent the possibility of both drug dependence and tolerance. This resulted in periods of exacerbated symptomology followed by periods of relief. Accordingly, we believe remand is necessary to allow the ALJ to reconsider Plaintiff's pain and the effects it might have on his non-exertional abilities such as his ability to stoop, crouch, bend, crawl, balance, and reach.

The ALJ seemed to hang his hat on the fact there were no limitations noted in Plaintiff's treatment records. However, we note that his doctors had opined that he could not return to work and should seek out long-term disability. *See Pate-Fires v. Astrue*, 564 F.3d 935 (8th Cir. 2009) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("A treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter and did not do so, particularly when that doctor did not discharge the claimant from treatment."). And, at the time of his treatment, Plaintiff was not working. Therefore, we do not find the doctors' failure to place work restrictions on him to be of any consequence in this case. Clearly, no limitations are necessary when an individual is not working.

We also note that the record does not contain any RFC assessments from treating sources. Instead, the ALJ relied solely on the assessments of non-examining doctors who merely made assessments after reviewing Plaintiff's medical records. *See Wildman v. Astrue*, 596 F.3d 959,

AO72A
(Rev. 8/82)

967 (8th Cir. 2010) (Opinions of non-examining physicians deserve little weight in the overall evaluation of disability). Given the objective evidence in the record, we believe that Plaintiff's treating doctors should have been asked to complete RFC assessments. Accordingly, remand is also necessary to allow the ALJ to obtain treating source assessments.

**V.      Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of June 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)